FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 2 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAYLOR FRANCIS**                                                                       **PLAINTIFF**

vs.                                           No. 4:22-cv-<u>94</u>- BRW

**GAMDAN SERVICES, LLC,**                                                    **DEFENDANTS**
**GAMDAN FADAH and ADNAN FADAH**

<u>**ORIGINAL COMPLAINT**</u>

Plaintiff Taylor Francis ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint ("Complaint") against Defendants Gamdan Services, LLC, Gamdan Fadah and Adnan Fadah (collectively "Defendant" or "Defendants"), states and alleges as follows:

**I.   PRELIMINARY STATEMENTS**

1. This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff sufficient minimum wages and overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

This case assigned to District Judge <u>Wilson</u>
and to Magistrate Judge <u>Harris</u>

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business in Pine Bluff. Therefore, the acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Columbia County.

11. Separate Defendant Gamdan Services, LLC ("Gamdan Services"), is a domestic limited liability company.

12. Gamdan Services' registered agent for service of process is Gamdan Fadah, at 4814 Goodfaith Road, Pine Bluff, Arkansas 71603.

13. Separate Defendant Gamdan Fadah ("Gamdan Fadah") is an individual and resident of Arkansas.

14. Separate Defendant Adnan Fadah ("Adnan Fadah") is an individual and resident of Arkansas.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Defendants own and operate the following businesses in Pine Bluff: Tobacco Emporium and Hookah Lounge, Pine Bluff Food Mart, Hazel Fine Deli and a Stop and Shop.

17. Gamdan Fadah is a principal, director, officer, and/or owner of Gamdan Services.

18. Gamdan Fadah, in his role as an operating employer of Gamdan Services, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Gamdan Fadah took an active role in operating Gamdan Services and in the management thereof.

20. Gamdan Fadah, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

21. Adnan Fadah primarily operated the Stop and Shop at which Plaintiff worked and was, upon information and belief, the owner.

22. Adnan Fadah had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

23. Adnan Fadah at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

24. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as food and beverage products.

25. Plaintiff, in the ordinary course of her employment, regularly used instrumentalities of interstate commerce such as credit cards and cell phones.

26. Defendants were, at all times relevant hereto, Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

27. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

28. From around March of 2019 until November of 2019 Defendants employed Plaintiff at Pine Bluff Food Mart, with the exception of two weeks in which Plaintiff worked for Defendants at Hazel Fine Deli.

29. Plaintiff was initially paid $400 per week while she worked at Pine Bluff Food Mart and was paid $700 per week while she worked at Hazel Fine Deli. Toward the end of 2019, Defendant began paying Plaintiff $500 per week.

30. From November of 2019 until November of 2020, Defendants employed Plaintiff at the Stop and Shop.

31. Defendants paid Plaintiff $500 per week while she worked at the Stop and Shop.

32. From November of 2020 to March of 2021, Defendants employed Plaintiff at Pine Bluff Food Mart.

33. Defendants paid Plaintiff $500 per week while she worked at Pine Bluff Food Mart.

34. From March of 2021 until November of 2021, Defendants employed Plaintiff at Tobacco Emporium and Hookah Lounge.

35. Defendants paid Plaintiff $200-$300 per week from March of 2021 until July of 2021, $400 per week from July of 2021 until August of 2021, and $500 per week from August of 2021 until the end of her employment in November of 2021.

36. Defendants employed Plaintiff as a "Manager." Plaintiff's primary duties were to assist customers, take inventory, stock the shelves, and pay Defendants' bills.

37. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA and the AMWA.

38. For part of 2019, Plaintiff's weekly salary was less than the statutory minimum allowed under 29 C.F.R. § 541.600, which was until January 1, 2020, $455 per week.

39. Beginning in 2020 until the end of her employment, Plaintiff's weekly salary was less than the statutory minimum allowed under 29 C.F.R. § 541.600 beginning on January 1, 2020 ($684 per week).

40. Because Defendants failed to meet the requirements of 29 C.F.R. § 541.600, Plaintiff was misclassified as a salaried employee.

41. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

42. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

43. Defendant regularly scheduled Plaintiff to work hours over 40 per week.

44. Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

45. During some weeks, Plaintiff worked so many hours that her hourly rate fell below the lawful minimum wage.

46. Defendant knew or should have known that Plaintiff was working hours over 40 in at least some weeks.

47. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

48. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V.    FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

49. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51. At all relevant times, Defendant was Plaintiff's "employer" within the

meaning of the FLSA, 29 U.S.C. § 203.

52.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53.  29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

54.  During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

55.  Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

56.  Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

57.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI.  SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

58.  Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

60. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

63. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Taylor Francis respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.  Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.  An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TAYLOR FRANCIS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com