IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAYLOR FRANCIS**                                                                                             **PLAINTIFF**

vs.                                              No. 4:22-cv-94-BRW

**GAMDAN SERVICES, LLC,**                                                                            **DEFENDANTS**
**GAMDAN FADAH and ADNAN FADAH**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Plaintiff Taylor Francis and Defendants Gamdan Services, LLC, Gamdan Fadah, and Adnan Fadah, by and through their undersigned counsel, hereby jointly submit the following Joint Motion for Approval of Liability Settlement:

1.      Plaintiff filed a Complaint initiating this action on February 2, 2022, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. ECF No. 1. Plaintiff alleged that she was misclassified as a salaried employee and was not properly paid minimum and overtime wages due to her. *Id.*

2.      Defendants dispute that Plaintiff was not compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed. ECF No. 6. Defendants specifically maintain that Plaintiff was properly classified under the executive and administrative exemptions. As such, bona fide disputes of Plaintiffs' claims exist. *Id.*

3.      Following negotiations between counsel, the parties have entered into a Settlement Agreement and Release ("Settlement Agreement") for Plaintiff resolving all claims in the litigation, including Plaintiff's claim for back wages owed, plus liquidated

Page 1 of 5
Taylor Francis v. Gamdan Services, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-94-BRW
Joint Motion for Approval of Liability Settlement

damages, in full and requesting dismissal of the claims with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

4.     To ensure the Settlement Agreement releasing claims under the FLSA and AMWA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6.     Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation by experienced counsel representing both parties. The parties then engaged in settlement negotiations at arm's length. The parties understand that, inherent to litigation,

**Page 2 of 5**
**Taylor Francis v. Gamdan Services, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-94-BRW**
**Joint Motion for Approval of Liability Settlement**

there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendants' defenses, including the proper method for calculating any alleged damages. Plaintiff has specifically considered the potential value of her own claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. Defendants possess very few records of Plaintiff's employment. Accordingly, for purposes of settlement negotiations, Plaintiff's counsel took Plaintiff's weekly "salary" and divided it by her estimated weekly hours worked in order to arrive at her regular rate of pay. Using these metrics, Plaintiff's counsel then compared the amount she was given with an amount she would have been owed at her estimated hours using the applicable Arkansas minimum wage. Ultimately, Plaintiff's calculated lost minimum wages total $12,756.63.

9. Plaintiff's original demand was double the amount of estimated lost minimum wages, $25,513.25, to account for liquidated damages. A copy of the settlement negotiations, including this initial demand, is attached hereto as Exhibit 2.

10. Under the terms of the settlement, Plaintiff is receiving the total amount of $14,000.00. This is a reasonable compromise due to the uncertainty of the outcome for both sides. Neither Plaintiff nor Defendants possessed direct documentary evidence of

Page 3 of 5
Taylor Francis v. Gamdan Services, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-94-BRW
Joint Motion for Approval of Liability Settlement

Plaintiff's hours worked and Plaintiff's damages flow from an estimate of weekly hours worked. Trial would have likely devolved into sharply disparate accounts of Plaintiff's daily work and the outcome was uncertain for all parties. The parties chose to resolve this uncertainty by entering into the present settlement.

11. The attorneys' fees and costs to be paid to Plaintiff's counsel have not yet been discussed and will be negotiated entirely separate from the amount to be paid to Plaintiff. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiffs will file a petition for fees and costs within 14 days of the entry of an Order approving the attached agreement. Defendants reserve the right to contest and object to any request for fees.

12. Plaintiff's counsel intend to elect as their fee either 40% of the total gross amount recovered in this lawsuit plus their costs incurred or the amount of fees and costs which will be negotiated with Defendants, whichever is greater. As the parties have not yet discussed fees and costs, Plaintiff's counsel do not yet have the necessary information to make their election.

WHEREFORE, Plaintiff and Defendants request that the Court enter an order approving the Settlement Agreement, and for other and further relief as this Court may deem just and proper.

Page 4 of 5
Taylor Francis v. Gamdan Services, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-94-BRW
Joint Motion for Approval of Liability Settlement

        Respectfully submitted,

        **PLAINTIFF TAYLOR FRANCIS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and**    **GAMDAN SERVICES, LLC, GAMDAN FADAH and ADNAN FADAH, DEFENDANTS**

        QUATTLEBAUM, GROOMS
        & TULL, PLLC
        111 Center Street, Suite 1900
        Little Rock, Arkansas 72201
        Telephone: (501) 379-1700
        Facsimile: (501) 379-1701

        E. B. Chiles IV
        Ark. Bar No. 96179
        cchiles@qgtlaw.com

        */s/ S. Katie Calvert*
        S. Katie Calvert
        Ark. Bar No. 2019117
        kcalvert@qgtlaw.com

**Page 5 of 5**
**Taylor Francis v. Gamdan Services, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-94-BRW**
**Joint Motion for Approval of Liability Settlement**