**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TAYLOR FRANCIS**                                                                                           **PLAINTIFF**

**VS.**                                            **4:22-CV-00094-BRW**

**GAMDAN SERVICES, LLC,** *et al.*                                                      **DEFENDANTS**

<u>**ORDER**</u>

The Joint Motion to Approve Settlement and Dismiss (Doc. No. 13) is DENIED, without prejudice.

On June 27, 2022, the parties filed a joint motion to approve settlement, and advised that they would commence negotiating a settlement regarding fees.[1]  Plaintiff's lawyer also pointed out that there was a contingency fee agreement, but he had not yet decided whether he would enforce it.[2]  I granted the motion regarding liability and told the parties that, if fees could not be resolved, a motion should be filed by July 14, 2022.[3]  I also directed the parties to advise me as to whether the contingency fee agreement would be enforced.[4]

On July 6, 2022, the parties filed the pending motion advising me that "counsel billed approximately $6,000.00 in fees and costs in this case" and "Plaintiff's counsel is only assessing a contingency fee of 25% of the total recovery, plus costs."[5]  The motion also indicates that "[t]he total recovery is $15,000.00 ($14,000.00 to Plaintiff, and $1,000.00 afterwards negotiated

---

[1]Doc. No. 10.

[2]*Id.*.

[3]Doc. No. 11.

[4]Doc. No. 12.

[5]Doc. No. 13.

to defray fees and costs)."[6]  Ultimately, Plaintiff's counsel will recover $4,359 and Plaintiff will

recover $10,641 in damages.[7] It is not clear to me what Defendants agree to pay toward fees,

unless that is the reference to the $1,000.

According to the Eighth Circuit, I must "ensure the attorney fees were in fact negotiated

separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest

between the attorney and his or her client."[8] It is unclear whether there is a conflict of interest

here.  It is possible that Defendants decline to pay much, if any fees, so Plaintiff just took the

remaining "owed fees" from his client, at the detriment of the client's FLSA award.  "Where a

plaintiff's attorney receives a larger fee at the expense of his clients' wage claims, there may be a

basis to presume a conflict of interests exists between the attorney and his clients."[9]

Based on the current record, I cannot tell if there was a conflict of interest between

Plaintiff and his lawyer when settling the fees issue. Accordingly, by 5 p.m., Monday, July 18,

---

[6]*Id.*

[7]*Id.*

[8]*Barbee v. Big River Steel, LLC.*, 927 F.3d 1024, at n.2 (8th Cir. 2019).

[9]*Martinez v. Bost, Inc.*, No. 2:14-CV-02090, 2017 WL 6008048, at *3 (W.D. Ark. Mar. 7, 2017); see also *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."); *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) (holding that "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *Silva v. Miller*, 307 Fed. Appx. 349, 35152 (11th Cir. 2009) ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.").

2022, the parties must refile the motion and attach billing records, the contingency fee agreement, and all correspondence related to fees.

IT IS SO ORDERED this 11th day of July, 2022.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE