IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TAYLOR FRANCIS                                                                                  PLAINTIFF

VS.                                         NO. 4:22-cv-00094-BRW

GAMDAN SERVICES LLC, *ET AL*.                                                   DEFENDANTS

## ORDER

Pending is Plaintiff's Motion to Approve Attorneys' Fees and Costs (Doc. No. 15). For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's lawyers ("SLF"[1]) are entitled to $1,000 in lawyers' fees (which Defendants already agreed to pay) and $402 in costs from Defendants. SLF may not enforce the contingency fee agreement against Plaintiff because it negotiated a reasonable fee of $1,000 from Defendants.

I.   **BACKGROUND**

Plaintiff filed this FLSA case on February 2, 2022.[2] On April 20, 2022, Plaintiff made a settlement demand of $12,756.63 for unpaid wages. When doubled for liquidated damages, the total demand was $25,513.25.[3] After a few back-and-forth discussions, Plaintiff demanded $14,000 for liability only, and Defendants agreed to that amount on May 19, 2022.[4] The parties filed a notice of settlement on May 31, 2022.[5]

---

[1] The Sanford Law Firm.

[2] Doc. No. 1.

[3] Doc. No. 10-2.

[4] *Id.*

[5] Doc. No. 8.

1

On June 27, 2022, the parties filed a motion to approve the liability settlement, which included the following: "Plaintiff's counsel intend to elect as their fee either 40% of the total gross amount recovered in this lawsuit plus their costs incurred or the amount of fees and costs which will be negotiated with Defendants, whichever is greater."[6] In approving the motion, I directed SLF to file a motion for fees, if that issue could not be resolved, and to advise me whether the contingency fee agreement would be enforced.[7] On July 6, 2022, the parties filed a joint notice of remaining settlement, which reads:

> Plaintiff's counsel billed approximately $6,000.00 in fees and costs in this case.
>
> Due to the low amount billed, Plaintiff's counsel is only assessing a contingency fee of 25% of the total recovery, plus costs.
>
> The total recovery is $15,000.00 ($14,000.00 to Plaintiff, and $1,000.00 afterwards negotiated to defray fees and costs).
>
> Plaintiff's counsel will recover $4,359.00 (25% of $15,000.00 plus $609.00 in costs).
>
> Plaintiff will recover $10,641.00.[8]

After reviewing this submission, I noted a potential conflict of interest between Plaintiff and SLF regarding fees. Accordingly, I directed the parties to provide me with the billing records, the contingency fee agreement, and all correspondence related to fees.[9] SLF filed the pending motion and submitted the documents for review.

---

[6] Doc. No. 10.

[7] Doc. Nos. 11, 12.

[8] Doc. No. 13.

[9] Doc. No. 14.

**II.     DISCUSSION**

The Fair Labor Standards Act allows for reasonable lawyers' fees upon successful litigation of the claim.[10] The lodestar method is the "most useful starting point for determining the amount of a reasonable fee."[11] It requires the court to consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[12] Then, the court should "adjust the fee upward or downward on the basis of the results obtained."[13] "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[14] "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys."[15]

"An attorney[s'] fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client."[16] Hours that were not "reasonably expended" must be excluded.[17] "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith

---

[10] 29 U.S.C.A. § 216 ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

[11] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[12] *Id.*

[13] *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

[14] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original).

[15] *Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).

[16] *Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2013 WL 1704722 at * 7 (D. Neb. Apr. 18, 2013) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989)).

[17] *Hensley*, 461 U.S. at 434.

effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."[18]

### A. Requested Hourly Rates

SLF requests the following hourly rates in this case: $383 (Josh Sanford); $300 (Courtney Harness); $285 (Steve Rauls); $190 (Courtney Lowery); $150 (Samuel Brown); $75 (law clerk); and $60 (staff).[19]

In a self-serving affidavit, Mr. Sanford continues to claim that the requested rates are consistent with FLSA lawyers in the area and that "[t]he most natural comparators to the attorneys of Sanford Law Firm are practitioners at <u>national firms</u> that concentrate on employment law matters."[20] As has been pointed out numerous times, these assertions ignore Eighth Circuit law[21] and have been rejected by numerous Arkansas judges.[22]

---

[18]*Id.*

[19]Doc. No. 15-2.

[20]*Id.* (emphasis added).

[21]*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1159 (8th Cir. 2014) ("A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.").

[22]*Burton v. Nilkanth Pizza Inc., et al*, No. 4:19-CV-00307-BRW, 2020 WL 4939470, at *2 (E.D. Ark. Aug. 24, 2020) (aff'd in part, vacated in part, rev'd in part on other grounds) (citing cases); *Smith v. OM Purshantam, LLC, et al.*, No. 4:18-CV-00797-KGB, 2021 WL 1239468, at *3 (E.D. Ark. March 31, 2021); *Ghess v. Kaid*, No. 2:19-CV-00021 KGB, 2021 WL 3891561, at *4 (E.D. Ark. Aug. 31, 2021); *Bonds, et al. v. Langston Companies, Inc.*, No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *3 (E.D. Ark. Sept. 9, 2021); *Wright v. Tyler Techs., Inc.*, No. 4:20-CV-00454 KGB, 2021 WL 4255287, at *2 (E.D. Ark. Sept. 17, 2021); *Smiley v. Little Rock Donuts, LLC*, No. 4:20-CV-00102-JM, 2021 WL 4302219, at *2-3 (E.D. Ark. Sept. 21, 2021); *Bailey v. Jefferson Cnty., Ark.*, No. 5:18-CV-222-DPM, 2021 WL 4849077, at *1 (E.D. Ark. Oct. 18, 2021); *Rorie v. WSP2, LLC*, No. CV 20-5106, 2021 WL 4900992, at *3 (W.D. Ark. Oct. 20, 2021); *Wells v. Seven Star Hotels Grp. Inc.*, No. 4:18-CV-00828 PSH, 2022 WL 944369, at *1 (E.D. Ark. Mar. 28, 2022); *Wolfe v. Affordable*

Based on a review of the submissions and my knowledge of the local prevailing rate and the complexities (or lack thereof) of this case, I find that the reasonable hourly rates are: $250 (Josh Sanford); $175 (Courtney Harness; Steve Rauls); $125 (Courtney Lowery); $100 (Samuel Brown); $75 (paralegal); and $25 (law clerk).

### B.  Hours Expended

Now, I must consider the reasonableness of the hours expended.  After conducting a self-audit, SLF seeks reimbursement for 17.9 hours of work.[23]

**Supervising Oversight** – Mr. Sanford seeks 2.9 hours for what is, again, unnecessary oversight in this one-plaintiff, simple, case which was handled primarily by an associate who has been practicing sixteen years and "has extensive trial experience, having first-chaired and second-chaired numerous jury and bench trials . . . ."[24] Just last week, Judge P.K. Holmes found that Mr. Sanford's oversight hours were "unwarranted and unreasonable" and awarded no time to Mr. Sanford.[25]  However, one hour is reasonable for the supervising lawyer in this case.

**Other Considerations** – This case was not complex.  It did not present difficult legal questions and SLF did not assert that the case took its attention away from other cases.

---

*Rooter Serv., LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *3 (E.D. Ark. Mar. 30, 2022); *Thomas v. Viskase Companies, Inc.*, No. 3:19-CV-330-DPM, 2022 WL 1477435, at *1 (E.D. Ark. May 10, 2022);  *Hale v. Belmont Management Company, Inc.*, No. 2:21-CV-02094, 2022 WL 2833983 (July 20, 2022);  *Gutierrez v. The 1873 Club of Texarkana, et al.*, No. 4:20-CV-4108, 2022 WL 2911691, at *2 (W.D. Ark. July 22, 2022).

[23]Doc. No. 15-2.

[24]*Id.*

[25]*Hale*, 2022 WL 2833983, at *3.

**Limited Success** – When it comes to assessing reasonable fees, the Supreme Court has noted that "the most critical factor is the degree of success obtained."[26] SLF achieved a liability award of $14,000 for Plaintiff, but this is about 55% its demand of $25,513.25.[27]

**C.     Fee Negotiations**

On July 6, 2022, SLF alleged that it incurred fees of approximately $6,000.[28] Yet, when negotiating fees – which involved just one email to opposing counsel –[29] SLF demanded only $1,000. Now, SLF asks me to approve[30] its request to enforce a contingency fee agreement so that Plaintiff would pay fees of $3,359 in addition to Defendant's agreed-to $1,000, resulting in an fee award of $4,359.

"To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee."[31] Notably, the $4,359 SLF is seeking is more than SLF's pre-audit hours at the reasonable rates I approved above[32] and just under the post-audit hours at

---

[26]*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

[27]Doc. No. 10-1.

[28]Doc. No. 13.

[29]Although I directed SLF to provide all correspondence regarding fees negotiations (Doc. No. 14), SLF submitted only Defendants' July 1, 2022 response – "We believe that your offer of $1,000 in attorneys' fees is reasonable considering the early stage of this lawsuit; my client accepts" – and SLF's reply. Doc. No. 15-7. The billing records indicate that SLF sent an email to Defendants with fee demand on June 30, 2022, but it was not included in the submission.

[30]If SLF claims it is not asking for my approval, its position is irrelevant. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (holding that contingency contract between counsel and plaintiff did not abrogate court's duty to review the reasonableness of legal fees in an FLSA settlement).

[31]*Silva v. Miller*, 307 Fed. Appx. 349, 351–52 (11th Cir. 2009).

[32]The total was just over $4,000.

the unreasonable rates claimed by SLF.[33] But, more importantly, it is more than the post-audit hours at the reasonable rates I approved. When using those rates, with the post-audit hours (and permitting only one hour by the supervising attorney), the total reasonable fee would be $2,772.50, not the $4,359 SLF claims. So, under the typical lodestar, the reasonable fee in this case would be $2,772.50. However, SLF demanded only $1,000 for fees from Defendants and appears to have not put much effort in to getting any more, since $1,000 was the <u>first demand,</u> and Defendants promptly accepted.

Believing that it had outstanding fees of $6,000, SLF, for some reason, started negotiations with Defendants for fees at only $1,000. It did this despite knowing that Defendants are obligated to pay a reasonable attorneys' fee when a plaintiff is successful in an FLSA case. No explanation was provided in the briefing. Maybe SLF believed $1,000 in fees to be reasonable in a case. I tend to agree, since the case was less than six months old when it settled and involved little more than damages calculations and settlement negotiations.

SLF now seeks to make up the difference between the low-ball demand to Defendant and what it believes it is owed at the expense of Plaintiff's liability recovery. This is unacceptable,[34] and appears to create an attorney-client conflict.[35] SLF "has not shown that it is appropriate for them to receive both statutory and contingent fee awards in this case, particularly as the latter

---

[33]The total was just under $4,500.

[34]*In Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer.").

[35]*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011) (cautioning courts to look for "more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations").

reduces the amount . . . plaintiff receives as compensation for the alleged FLSA violations."[36] Again, SLF demanded only $1,000 in fees from Defendants. It is entitled to no more – especially from Plaintiff. Proverbs 26:27 comes to mind: "Whoso diggeth a pit shall fall therein."

### D. Costs

SLF asserts that it incurred $609, for a service fees and the filing fee.[37] However, the costs for service fees are not recoverable under 28 U.S.C. § 1920.[38] Plaintiff is entitled to costs of $402.

### CONCLUSION

For the reasons above, Plaintiff's Motion for Costs and Attorneys' Fees (Doc. No. 12) is GRANTED IN PART and DENIED IN PART. SLF is entitled to $1,000 in lawyers' fees (which Defendants already negotiated) and $402 in costs from Defendants.

IT IS SO ORDERED this 28th day of July, 2022.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[36]*Alder v. County of Yolo*, No. 16-cv-01682-VC, 2018 WL 770394 at *1 (E.D. Cal. Jan. 22, 2018).

[37]Doc. No. 15-3.

[38]*Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (holding that a party could not "recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses."); *Thomas v. Viskase Companies, Inc.*, No. 3:19-CV-330-DPM, 2022 WL 1477435, at *1 (E.D. Ark. May 10, 2022) ("The postage and the private service fee, however, aren't recoverable as costs.").